### CARTER v. CHARLESTON AND WESTERN CAROLINA RY.

1. RAILROADS —NONSUIT— PASSENGER —STATUTORY SIGNALS —DEMUR-
RER.—Nonsuit properly granted where the evidence tended to show
that one went upon a passenger train standing across a crossing on a
highway for the sole purpose of buying oranges of the fruit vendor
thereon, and after the train started he, of his own motion, jumped
from the train and broke his leg, and on demurrer allegations prop-
erly stricken out, which state that the defendant failed to give the
statutory signals before moving its train from across the public
highway, as the defendant owed plaintiff no such duty.

2. EVIDENCE.—In action by trespasser on train against railroad for com-
mon law negligence in starting a train, evidence as to how his busi-
ness has been injured by reason of his injury, is inadmissible; also
evidence as to whether the accident would have happened if the train
had remained standing at the station the usual time.

Before BENET, J., Barnwell, November, 1901. Affirmed.

Action by Daniel Carter against Charleston and Western
Carolina Ry. Co. From judgment of nonsuit, plaintiff ap-
peals.

*Messrs. R. A. Ellis* and *Davis & Best,* for appellant, cite:
*Failure to give statutory signals is evidence of negligence
per se, and every citizen is entitled to their protection:* 61 S.
C., 404; 53 S. C., 124. *The same rule applies to the pro-
vision requiring the railroad to stop its train at passenger
stations:* 61 S. C., 404, 495; 41 S. C., 1; 47 S. C., 375; 53
S. C., 124. *Whether train stopped at station sufficient time,
was for jury:* 61 S. C., 345. *Person boarding train to buy
fruit is entitled to protection of statutory requirements:* 61
S. C., 556. *Contributory negligence is for jury:* 25 S. C.,
53; 2 Rap. and Mack's Dig. Ry. Ca., 468. *Question as to
injury to farming interest should have been allowed:* 60 S.
C., 213.

*Mr. Laura T. Izlar,* contra (oral argument).

June 25, 1902. The opinion of the Court was delivered
by

MR. JUSTICE POPE.    Plaintiff sues to recover $5,000 damages received by him caused by the alleged negligence of the defendant.    His complaint alleges two causes of action—one for injuries received through the negligence of defendant in starting its train while standing across a highway at Martins, S. C., without giving the statutory signals, viz: by sounding its whistle or ringing its bell; the second cause of action was the alleged negligence of defendant in starting its train suddenly, so that plaintiff was prevented from alighting from the train in safety, having his left leg fractured above the knee in reaching the ground in alighting from said train. Inasmuch as plaintiff was not a passenger on said defendant's train, nor expecting any one in whom he was interested to arrive or depart on or from the defendant's passenger train, nor was he waiting to cross said highway, but was merely at the railroad crossing expecting to buy some oranges from the newsboy and fruit agent on said train, the Circuit Judge held that the defendant railway company owed the plaintiff no duty compelling it to ring its bell or sound its whistle before its train should start from its stand-still across the highway, and as he was not a passenger or expecting to become a passenger on said train, and further as he was not expecting any one to disembark from said train or embark on said train, his cause of action relating to the statutory signals demanded by law of railroads in order to avoid collisions at or on a railroad crossing of a highway, plaintiff's first cause of action must be eliminated from the complaint.    Plaintiff then proceeded to offer testimony as to the want of ordinary care of the defendant in its treatment of the plaintiff.    The testimony offered by plaintiff tended to show that plaintiff entered defendant's train to purchase a couple of oranges from the fruit vendor on the train; that he had purchased the oranges, but before he alighted from the train it was started and it was not until the train had gone seventy-five yards that the plaintiff jumped off, breaking his leg.    It was not in testimony that the fruit agent had any connection with the defendant; that the defendant owed any duty to the plaintiff;

that the defendant did any act or uttered any word by which the plaintiff was induced to go on its train or jump off of the same. Under these circumstances, the Circuit Judge granted defendant's motion for a nonsuit as soon as plaintiff completed his testimony.

After entry of judgment thereon, the plaintiff appealed upon the following grounds: "I. Because his Honor struck out of the first cause of action of the complaint the following material allegations: So much of paragraph V. as alleges that defendant moved its train, 'having in violation of law failed to give the signals required by law before starting said train, and also because he struck out the whole of paragraph VII. and so much of paragraph VIII. as alleged that said train did not stop as long as required by law; whereas he should have retained said portions of the complaint as a part thereof for the trial of this cause.

"II. Because his Honor ruled that the complaint stated that plaintiff 'entered' the car to buy oranges; whereas he should have held that complaint only stated that plaintiff got on platform for purpose stated.

"III. Because his Honor ruled that because plaintiff was not a passenger, he could not, 'therefore, claim any benefit allowed by the statute which requires the blowing of whistles or ringing of bells when approaching a crossing, or the requirements of the statute which say that signals shall be given when the train is at a stand still within a hundred rods of a crossing;' but should have held that the public generally, the plaintiff included, were entitled to the benefits and protection of said statutes.

"IV. Because his Honor, the presiding Judge, ruled that all allegations of the complaint which stated that said train did not stop long enough for passengers to get off and on, as the statute requires, must be stricken out, on the ground that plaintiff was not a passenger; whereas he should have held that the public have the right to expect that railway companies will obey the law referred to above, and to claim the benefit of that law, in so far as obedience to said law

would have inured to plaintiff's safety, or disobedience thereto would have resulted in his damage and injury.'

"V. Because his Honor, the presiding Judge, ruled in the order of nonsuit herein, that there was no evidence to go to the jury; whereas he should have held that, notwithstanding that his Honor excluded all testimony going to show the failure of the defendant company's agents and servants to give the statutory signals, and excluded all testimony going to show that defendant failed to stop its train on that occasion the length of time required under sec. 1687 of the Revised Statutes of 1893, yet there was evidence in the testimony of the plaintiff, Daniel Carter, to go to the jury, where he testified as a cause of his injury that defendant company did not stop its train any length of time—meaning the length of time it should have stopped, and his Honor, the presiding Judge, under the testimony should have refused the nonsuit, and allowed the case to go to the jury.

"VI. Plaintiff excepts to his Honor, the presiding Judge's, ruling against the admissibility of the following question: 'On account of your accident and your forced inattention to your business, how did your farming interests suffer?' whereas he should have held that said question was admissible.

"VII. Plaintiff excepts to his Honor, the presiding Judge's, ruling that the following question was inadmissible: 'Will you state if the train had stopped as long as it usually did, whether you would have been hurt?' whereas his Honor should have ruled the same legally admissible.

"VIII. Plaintiff excepts to that portion of his Honor's remarks in granting motion for nonsuit, in which he rules that 'less than a minute might be sufficient time to receive and let off passengers at a particular station;' whereas he should have held that the sufficiency of the time necessary to receive and let off passengers, according to the requirements of sec. 1687 of the Revised Statutes of 1893, was a question for the jury, and should have been submitted to them under the testimony on that point."

As to the first exception, we will say that the object of pleadings is that issuable facts should alone be stated. If at any time before trial a motion is made to relieve pleadings of redundant or unnecessary allegations of fact, the trial Judge, if convinced that such objectionable facts are stated either in the complaint or answer, should order the same removed. In the case at bar, it was admitted that the plaintiff was not at or near the railroad crossing with the purpose of crossing from one side of the railroad to the other side, and further, that he was not proposing to become a passenger on said railroad train; hence any allegations as to the statutory signals by ringing the bell or sounding the whistle, and also any time that such railroad train should remain at the station, were not and could not be made issuable facts. This being so, the Circuit Judge was guilty of no error in his ruling, as complained of in the first exception, and it is, therefore, overruled.

The *second exception,* referring as it does to a slight mistake by the Circuit Court in referring to the fact that the plaintiff *entered* the car to buy oranges, whereas plaintiff only got on the platform of the car, cannot be sustained. If error at all, it was a mistake in favor of plaintiff, and is overruled.

The *third exception.* We have already held that statutory signals were intended to protect the public from collisions at railroad crossings, and has no referencetobystanders who are not affected injuriously by the failure to give such signals. This exception is overruled.

The *fourth exception.* We have already held that any statutory requirement as to the length of a stop at a station, referred to railroads and their customers. Overruled.

*Exception 5.* We have already passed upon the matters herein referred to. There was not even an effort made to connect the plaintiff and defendant in a matter of business. Besides, the plaintiff, without any request or order therefor from the defendant, jumped from the train. This exception is overruled.

*Exception 6.* What matter of concern could any answer to the question propounded as set out in this exception have to the case in hand? If the defendant owed the plaintiff no duty except ordinary care, and without any action on defendant's part the plaintiff jumped from the train of his own motion, the testimony was properly ruled out.

*Exception 7.* The question propounded as set out in this exception could not have brought out any answer which was proper in this case. It was properly overruled.

*Exception 8.* Sec. 1687 of the Revised Statutes of the year 1893, is in these words: "Every railroad company in this State shall cause all its trains of cars for passengers to entirely stop upon each arrival at a station advertised by such company as a station for receiving passengers upon such trains for a time sufficient to receive and let off passengers." The plaintiff admits he was not a passenger and did not contemplate becoming one. This statutory regulation was for the benefit of passengers. The general public had no concern with such stops by railroads at their stations unless as *passengers* or contemplating becoming such. There was no mistake made by the Circuit Judge in this matter. The exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be and is hereby affirmed.